UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number   17-cv-1188 RM-KLM

Kathleen BISHOP,

    Plaintiff

v.

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,

    Defendant.

## OBJECTION TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Kathleen Bishop, by and through undersigned Counsel, hereby objects to the Magistrate's recommendation, filed on October 30, 2017 at docket #25, that this case be dismissed. Plaintiff states her objection as follows:

**FACTUAL BACKGROUND**

1. Plaintiff contests the Magistrate's holding that Defendant is the "holder of the note." Recommendation, Doc-25 at 2. As discussed below, Defendant obtained a holding that it was the holder of the note through a fraudulently produced document proffered at the Colorado Rules of Civil Procedure (CRCP) Rule 120 hearing.

## INTRODUCTION

2. The Magistrate recommends that this case be dismissed for lack of subject matter jurisdiction based on the _Rooker-Feldman_ doctrine. _Rooker v. Fidelity Trust Co_, 263 US 413 (1923) and _District of Columbia Court of Appeals v. Feldman_, 460 US 462, 486 (1983). _Rooker-Feldman_ prevents plaintiffs from using the federal district courts to overturn state court judgments.

3. In 2005, the Supreme Court reigned in the use of _Rooker-Feldman_ to dismiss cases in the district courts. _Exxon Mobile Corp v. Saudi Basic Industries Corp_, 544 US 280 (2005).

4. In _Exxon Mobile_, the Supreme Court held that the _Rooker-Feldman_ doctrine applies only to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." _Exxon Mobile_ at 284 (2005).

5. _Exxon Mobile_ and later cases addressed exceptions to _Rooker-Feldman_ certain of which should be applied in this case.

6. As pertinent here, _Rooker-Feldman_ does not apply when a plaintiff "present[s] some independent claim" from the state court's rulings. _Exxon Mobile_ at 294. _GASH Assocs v. Rosemont_ 995 F2d 726, 728 (CA7 1993).

**This Case does not Seek to Undo the State Court Judgment**

7. This case is distinguished from others in the 10th District where dismissal is requested under the *Rooker-Feldman* doctrine. Plaintiff here does not seek to undo a state court judgment.

8. The Magistrate states that Plaintiff's claims are "inextricably intertwined" with the state court case. Recommendation, Doc-25 at 7. In <u>Kenmen v. City of Union</u>, the 10th District Court of Appeals pointed out that in analyzing whether a claim is inextricably intertwined, the court must "pay close attention to the *relief* sought by federal court plaintiff . . . and cannot simply compare the *issues* involved in the state-court proceeding to those raised in the federal-court plaintiff's complaint." <u>Kenmen Engineering v. City of Union</u>, 314 F3d 468, para 32 (10th Cir 2002). (emphasis original).

9. Plaintiff's complaint does not ask the Court to reverse the foreclosure but rather seeks money damages. To the extent that a plaintiff seeks money damages her complaint is "not an attack on the judgment or proceedings." <u>Sladek v. Bank or America NA et al</u>, No. 13-cv-03094-PAB-MEH D. Colo. July 30, 2014) Doc-109 at 10. <u>Amerson v. Chase Home Fin. LLC</u>, No. 11-cv-01041-WJM- MEH (D. Colo. May 7, 2012) Doc-92 at 16.

10. In <u>Dillard</u>, the plaintiff asked the court to "effectively quiet title in her name, asking for 'Re-newed [sic] property title without lien(s).'" <u>Dillard v. Bank of NY</u>, 476 F.App'x 690 (10th Cir. 2012), No. 11-1379 (10th Cir. 2012) at 4. In <u>Sladek</u>, the plaintiff sought an order granting nullification of the foreclosure. <u>Sladek</u> Doc-109 at 3. These cases are distinguishable from the instant case.

11.  Plaintiff's Complaint does not ask the Court to nullify the foreclosure sale.  Plaintiff seeks nothing but monetary damages.  Therefore, the Magistrate's recommendation for dismissal based on <u>Rooker-Feldman</u> is misplaced and should be denied.

### <u>Rooker-Feldman</u> does not Apply to a General Constitutional Challenge

12.  A general constitutional challenge is not an attack on the state court judgment, nor is it inextricably intertwined the state court judgement.  See <u>Crutchfield v. Countrywide Home Loans</u>, 389 F.3d 1144 para. 13-14, No. 03-3611 (10th Cir. November 24, 2004).  <u>Feldman</u> at 486 (1983).

13.  Plaintiff asks the Court for an order "declaring Colorado's CRCP Rule 120 to be in violation of the due process and equal protection clauses of the United States Constitution." Complaint, Doc-1 at 11.  Plaintiff's challenge to Colorado's CRCP Rule 120 and its application is independent of the state court judgment.

14.  The Magistrate's recommendation to dismiss this case should be denied based on the general constitutional challenge exception to <u>Rooker-Feldman</u>.

### <u>Rooker-Feldman</u> does not Apply When the State Court Judgment was Obtained Through Fraud

15.  A reasonable exception to the <u>Rooker-Feldman</u> has been created for a "state court judgment which is alleged to have been procured through fraud, deception, accident, or

mistake. . . ." <u>West v. Evergreen Highlands Assoc</u>, No. 05-1035 (10th Cir Ct App January 16, 2007).

16.  The 10th Circuit appears to not yet have fully embraced the fraud exception to <u>Rooker-Feldman</u>.  Neither has the Circuit rejected the exception, however.  <u>Evergreen</u> presented a weak case for the exception while this is exactly the kind of case the exception is made for.  In <u>Evergreen</u>, the plaintiff merely complained that the state court's ruling was a "mistake" prompting the court to deny application of the exception.  Here, the plaintiff asserts fraud on the court in procuring the state court's order.

17.  This case is akin to <u>Goddard v. CitiBank NA</u>, where Goddard asserted that Citibank produced fraudulent documentation to obtain an order allowing a foreclosure sale.  <u>Goddard v. CitiBank NA</u>, 04-cv-05317-NGG-LB (E.D.NY March 27, 2006).  The <u>Goddard</u> court found the plaintiff's claims were "of the type held by the Court in <u>Exxon Mobil</u> to be independent from the state court judgment, because they allege *fraud in the procurement* of the judgment." *Id*. at 11. (emphasis original).  The <u>Goddard</u> court thus applied the fraud exception to <u>Rooker-Feldman</u> and denied Citibank's motion to dismiss.

18.  Here, Plaintiff asserts that Defendant obtained its order authorizing sale by fraud on the court in that Defendant proffered a fraudulently produced mortgage note which the court relied on to enter its order.  As part of Plaintiff's constitutional challenge to CRCP Rule 120, she points out that Rule 120 courts regularly refuse to allow discovery.  In this case, Plaintiff was denied the opportunity for a forensic examination of the "note."

19.  This case presents the Court with the opportunity to distinguish which claims warrant application of the fraud, deception, accident, or mistake exception.  A fraud on the court is sufficient to warrant application the fraud exception to <u>Rooker-Feldman</u> here.  The Court should apply the exception and deny the Magistrate's recommendation to dismiss.

WHEREFORE, Plaintiff asks the Court to deny the Magistrate's recommendation to dismiss this case and allow this matter to move forward.

Dated:   November 14, 2017              /s/ John Scanlan
                                                               *Attorney for Plaintiff*

                                                               *Circle Law* – the scanlan law offices
                                                               1726 Champa St, 3E
                                                               Denver CO  80202

                                                               Phone:  (303) 881-4109
                                                               Fax:  (303) 308-0194
                                                               Email:  jvscanlan@circlelaw.net